**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

KRISTEN LOCASCIO, and
all others similarly situated under
*29 U.S.C. 216(b),*

    Plaintiff(s),

v.

E.C. RUFF MARINE, INC.,
a Florida profit corporation,
ED RUFF JR., individually,
and MARLENE HARDEN,
individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, KRISTEN LOCASCIO ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, E.C. RUFF MARINE, INC. ("E.C."), ED RUFF JR. ("RUFF"), individually, and MARLENE HARDEN ("HARDEN"), individually (collectively referred to hereinafter as "Defendants"), on behalf of herself, and all others similarly situated, and alleges as follows:

### INTRODUCTION

1. Defendants have unlawfully deprived Plaintiff, and all other employees similarly situated, of federal wage compensation during the course of their employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to

recover all wages owed to Plaintiff, and those similarly situated to Plaintiff, during the course of their employment.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Plantation, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, E.C., was a Florida profit corporation located and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

4. E.C.'s principal location was 1411 NW 84th Terrace, Pembroke Pines, FL 33024, until in or around March 2019, when its principal location changed to 1771 SW 7th Avenue, Pompano Beach, FL 33060.

5. During all times material hereto, Defendant, RUFF, was a resident of the Southern District of Florida, and acted as the President and Director of E.C.

6. During all times material hereto, Defendant, RUFF, was over the age of 18 years, and as a corporate officer was vested with ultimate control and decision-making authority over the hiring, firing, and pay practices for Defendant, E.C.

7. During all times material hereto, Defendant, HARDEN, was and is a resident of the Southern District of Florida and was Plaintiff's immediate supervisor and maintained control over Plaintiff in the execution of her day to day activities during her employment.

8. During all times material hereto, Defendant, HARDEN, was over the age of 18 years, and was vested with ultimate control and decision-making authority over the hiring, firing, and payroll and pay practices for Defendant, E.C.

9. Defendant, E.C. was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

10. Defendant, RUFF, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

11. Defendant, HARDEN, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

12. All acts and omissions giving rise to this dispute took place within Broward County, Florida.

13. Defendant, E.C., is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

14. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

15. Defendant, E.C., is a Florida profit corporation that specializes in marine servicing and has been operating in the State of Florida since at least 2000.

16. Defendant, E.C., is covered under the FLSA through enterprise coverage, as E.C. was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, E.C. engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, E.C.'s business and Plaintiff's work for E.C. affected interstate commerce because the materials and goods

3

that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

17. During her employment with Defendant, E.C., Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: boat parts, marine accessories, installation equipment, GPS devices, radars, motors, outriggers, paint, telephones, pens, notepads, computers, cellular telephones, order forms, and other office related items.

18. Defendant, E.C., also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, E.C.'s business an enterprise covered by the FLSA.

19. Upon information and belief, Defendant, E.C., grossed or did business in excess of $500,000.00 during the years of 2016, 2017, 2018, and is expected to gross in excess of $500,000.00 in 2019.

20. During all time periods hereto, Defendants, RUFF and HARDEN, maintained control over the day-to-day operations of E.C., including the payroll, hiring, firing, and scheduling duties.

21. Defendant, RUFF, was the President and Director of Defendant, E.C., and controlled the company's payroll practices, and was vested with ultimate decision-making authority for Defendant, E.C.

22. Defendant, HARDEN, was a supervisor at Defendant, E.C., and was vested with ultimate decision-making authority on payroll, hiring, firing, and scheduling duties for Defendant, E.C.

23. Plaintiff worked for Defendants, E.C., RUFF, and HARDEN, as an hourly employee who assisted the company with billing.

24. During all material times hereto, Plaintiff, and all others similarly situated, was a non-exempt employee of Defendant, E.C., within the meaning of the FLSA.

25. During her employment with Defendants, Plaintiff (i) did not have supervisory authority over any individuals, (ii) did not make any decisions of importance on behalf of E.C., and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

26. Plaintiff performed work for the benefit of Defendants during the time periods alleged herein.

## Plaintiff's Work for Defendants

27. Plaintiff began working for Defendants in or about January 2019 as a billing assistant until approximately April 19, 2019.

28. Defendants compensated Plaintiff at a rate of eighteen (18) dollars per hour.

29. During Plaintiff's employment, the Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half her regular hourly rate, as required by the FLSA, for hours she worked in excess of forty (40) per week.

30. In addition, Defendants refused to compensate Plaintiff at the proper Florida minimum wage rate of $8.46 per hour for all hours she worked at or below forty (40) from April 10, 2019 until April 19, 2019.

31. Defendants' actions in refusing to pay Plaintiff properly under state and federal law were intentional and/or willful, entitling Plaintiff to an additional amount of liquidated (double) damages for unpaid wages.

32. Based upon Defendants' intentional and/or willful violations of the FLSA, the three (3) year statute of limitations applies instead of the two (2) year statute of limitations.

33. As a result of the above violations of federal law, Plaintiff retained the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.[1]

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS**
**(Against All Defendants)**

34. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 33 as though set forth fully herein.

35. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

36. During the time period relevant to this lawsuit, Plaintiff worked hours in excess of forty (40) during one or more weeks of her employment period for which she did not receive proper overtime wages.

37. Plaintiff is entitled to recover statutorily prescribed federal overtime wages at a rate time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

38. However, Defendants intentionally and/or willfully violated the FLSA or were reckless and/or indifferent as to their compliance with federal overtime law. Plaintiff is therefore entitled to liquidated (double) damages.

---

[1] On or about May 24, 2018, Plaintiff, through undersigned counsel, sent Defendants written notification of their violations of the law. More specifically, Plaintiff provided Defendants with a pre-suit notice, compliant with Florida minimum wage statutory requirements. Defendants delayed settlement discussions for over a two (2) month period, and ultimately refused to pay Plaintiff's back wages, liquidated damages, and reasonable attorneys' fees. Instead, on August 6, 2019, Defendants attempted to circumvent requirements under the Florida law and the FLSA by unilaterally sending a deficient paycheck directly to the Plaintiff. After several failed attempts to resolve the matter without having to initiate litigation, Plaintiff has filed suit before this Honorable Court.

39. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount to be proved at trial, including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by *29 U.S.C. § 216(b)*, reasonable attorney's fees and costs, and any such further damages as may be shown at the time of trial.

WHEREFORE, Plaintiff, KRISTEN LOCASCIO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, E.C. RUFF MARINE, INC., ED RUFF JR, individually, and MARLENE HARDEN, individually, and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendants, jointly and severally; (b) all reasonable attorneys' fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

### COUNT II – FLORIDA MINIMUM WAGE VIOLATIONS – *Fla. Stat. 448.110*[2]
**(Against All Defendants)**

40. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 33 as though set forth fully herein.

41. Plaintiff alleges this action pursuant to the Florida Minimum Wage Act ("FMWA"), *Fla. Stat § 448.110*.[3]

42. During at least one (1) pay period, Defendants willfully and/or intentionally refused to compensate Plaintiff at Florida's minimum wage rate of at least $8.46 per hour for all hours she worked at or below forty (40) per week.

43. Defendants therefore wrongfully deprived Plaintiff of wages to which she was lawfully entitled pursuant to *Fla. Stat § 448.110*.

---

[2] Plaintiff fully complied with the statutory notice requirements set forth under *Fla. Stat. § 448.110* by duly serving the corporate and individual Defendants with pre-suit notice before seeking relief under Florida law.

[3] The Florida minimum wage is interpreted in accordance with the FLSA. *See Fla. Stat. § 448.110*; FLA. CONST. art. X, §24.

44. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Florida Constitution and *Fla. Stat § 448.110*. Defendants knew or should have known of the state minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices.

45. Accordingly, Plaintiff is entitled to recover liquidated (double) damages for the willful and/or intentional violations of the FMWA.

46. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, KRISTEN LOCASCIO, demands judgment against Defendants, E.C. RUFF MARINE, INC., ED RUFF JR, individually, and MARLENE HARDEN, individually, and respectfully requests that she be awarded the following relief: (a) double unpaid state minimum wages as provided by the Florida Minimum Wage Act, *Fla. Stat. 448.110*, to be paid by the Defendants, jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the Florida Minimum Wage Act; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, KRISTEN LOCASCIO, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 1st day of September, 2019.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Kristen Locascio*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
jordan@jordanrichardspllc.com
melissa@jordanrichadrspllc.com
jake@jordanrichardspllc.com
stephanie@jordanrichardspllc.com
mike@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 1st of September, 2019.

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQ.
Florida Bar No. 108372

**SERVICE LIST:**